

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-80,439-01

**EX PARTE TERRON PENEVRICK MITCHELL, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F1018049 IN THE 145TH DISTRICT COURT
FROM NACOGDOCHES COUNTY**

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and tampering with physical evidence and sentenced to five years' and thirty-five years' imprisonment, respectively.

Applicant contends that appellate counsel rendered ineffective assistance because counsel failed to file a motion and affidavit for a free trial transcript after counsel was informed of Applicant's inability to pay. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that appellate counsel's performance was deficient and that counsel's deficient performance prejudiced Applicant. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. F1018049 from the 145th District Court of Nacogdoches County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is currently indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 26, 2014
Do not publish